DECISION AND JUDGMENT ENTRY
This is an appeal from a decision of the Fulton County Court of Common Pleas which denied appellant's motion to suppress and found appellant guilty of driving while under the influence. The trial court's decision is affirmed for the reasons that follow.
The following facts are relevant to this appeal. Shortly after 8:00 p.m on November 24, 1999, Sergeant Jason Simon of the Fayette Police Department viewed appellant in his vehicle on the side of the road "hunched over his wheel." At that time, Sergeant Simon, accompanied by Officer Long, also of the Fayette Police Department, walked up to the car and noticed an almost empty pizza box on appellant's lap and a large, half empty can of Busch Light Draft beer on the console. The officers tried to awaken appellant by yelling in a partially opened window and by shaking the car. After failing to awaken appellant, the officers popped the lock on appellant's car, opened the door and shook appellant. When appellant finally awoke, he was disoriented and Sergeant Simon smelled a strong smell of beer. Sergeant Simon testified that, at that time, appellant was belligerent, which was out of character for appellant, was staggering, and had to lean on his car to stand. Appellant also admitted to drinking the beer on the console. Although no time period was established regarding when appellant drank the beer, Sergeant Simon testified that the beer was still cold and sweaty when he arrived. Appellant was then charged with an open container violation and the officers drove appellant home. Then, approximately forty minutes later, Sergeant Simon saw someone driving appellant's vehicle. Sergeant Simon was about ninety percent sure that appellant was driving. He followed the vehicle for two and a half blocks to appellant's residence. During this period, Sergeant Simon noticed moderate weaving within the vehicle's lane. When the vehicle arrived at appellant's residence, appellant exited from the driver's side. No one else was in the car. At that time, Sergeant Simon again noticed an odor of alcohol when speaking with appellant. Sergeant Simon then did a horizontal gaze nystagmus test ("HGN test") on appellant which showed appellant to be intoxicated. Appellant was then arrested for driving while under the influence and brought to the sheriff's office for a breathalyser test. Appellant's blood alcohol level was .171.
Also on November 24, 1999, appellant was subjected to an administrative license suspension. On December 9, 1999, appellant appealed his administrative license suspension and, subsequently, appellant was granted occupational driving privileges.
On January 18, 2000, appellant filed a motion to dismiss/suppress. At a hearing on March 14, 2000, appellant entered a no contest plea to the charge and was found guilty after the trial court denied appellant's motion. Appellant filed a timely notice of appeal, raising the following assignments of error.
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS [sic] MOTION TO SUPPRESS EVIDENCE ARISING FROM THE STOP OF HIS VEHICLE, AS THE STOP WAS UNLAWFUL IN THAT AS OF THE TIME OF THE STOP, THE ARRESTING OFFICER LACKED REASONABLE AND ARTICULABLE SUSPICION THAT APPELLANT ENGAGED IN UNLAWFUL ACTIVITY.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS [sic] MOTION TO SUPPRESS SINCE THERE IS INSUFFICIENT EVIDENCE ON THE RECORD TO SUPPORT A FINDING THAT THERE WAS PROBABLE CAUSE TO ARREST APPELLANT FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
 "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONSIDERING EVIDENCE RELATED TO FIELD SOBRIETY TESTS SINCE THE TEST WAS NOT PERFORMED IN ACCORDANCE WITH NHTSA STANDARDIZED METHODS AND PROCEDURES."
In his first assignment of error, appellant argues that the officer did not have a reasonable and articulable suspicion that appellant was engaged in an unlawful activity at the time of the second stop, and therefore the stop was unlawful.
Initially, we note that "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, upon review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. The appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
We first note that the trial court record is incomplete. It appears that although the testimony regarding the motion to suppress was heard on February 29, 2000, the actual ruling took place on March 14, 2000. Apparently due to problems with the audiotape, the transcript for the March 14, 2000 hearing is incomplete and does not contain any arguments by the parties regarding the motion to suppress, nor does it contain the trial court's analysis and denial of the motion. The court's judgment entry for that date does, however, state that appellant's motion was overruled. This court has previously dealt with a similar issue, also in the context of a motion to suppress, and stated the following:
 "When faced with an inadequate or incomplete record, we must presume the regularity of the trial court's actions and accept its judgment. See, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, we must presume that the trial court properly examined all the facts and properly applied the totality of the circumstances test. We will therefore limit our review to whether or not substantial evidence was presented to support the trial court's ruling."
State v. Jordan (February 13, 1998), Lucas App. No. L-96-344, unreported.
An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v.Ohio (1968), 392 U.S. 1, 21-22; State v. Andrews (1991), 57 Ohio St.3d 86,87. Whether the stop was reasonable must be considered in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
Appellant argues that Sergeant Simon's testimony that he observed "moderate `weaving'" within appellant's own lane of traffic is not sufficient to justify a stop. We disagree. This court has repeatedly stated that "[w]eaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." Montpelier v. Lyon (May 1, 1987), Williams App. No. WMS-86-16, unreported.
Additionally, the above testimony was not the only evidence before the court. In his first encounter with appellant, which occurred approximately forty minutes before appellant was stopped the second time, Sergeant Simon testified that appellant had admitted to drinking beer, was disoriented, smelled of beer, was staggering and had to lean against his car for support, and was belligerent. Furthermore, Sergeant Simon testified that appellant also smelled of beer during the second stop. Taken together, we believe that these facts were sufficient to create a reasonable suspicion sufficient to justify appellant's stop.
Appellant also argues that the officers did not have reasonable suspicion to stop because they did not know for sure who was driving the vehicle. We disagree. First, as stated above, weaving alone can justify a stop. Second, Sergeant Simon testified that he was ninety percent sure that it was appellant, that the person driving was the same size as appellant and was driving appellant's car. Further, they followed the car until it reached appellant's house, at which time appellant exited the vehicle.
Therefore, appellant's first assignment of error is found not well-taken.
We will now consider appellant's third assignment of error out of order as its disposition may affect our consideration of the second assignment of error.
In his third assignment of error, appellant argues that the HGN test was improperly administered and therefore, the results should not have been considered by the court in determining whether there was probable cause to arrest appellant. Specifically, appellant points to three problems with the test: (1) Sergeant Simon testified that in conducting the test, he only held the object six to nine inches from appellant's face when the National Highway Traffic Safety Manual requires that the object should be twelve to fifteen inches from the suspect's face, (2) it was not clear whether appellant's eyes were each checked twice, and (3) no record was maintained as to how the test was scored.
"In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." State v.Homan (2000), 89 Ohio St.3d 421, paragraph one of the syllabus. InHoman, the Ohio Supreme Court held that the officer's failure to use four full seconds when checking for the onset of nystagmus, as prescribed by the National Highway Traffic Safety Administration, rendered the test results unreliable. Id. at 425. Similarly, we find that the test results in this case are also unreliable due to the fact that Sergeant Simon held the object three to six inches closer to appellant's face than required by the National Highway Traffic Safety Administration. Accordingly, we find appellant's third assignment of error well-taken.
In his second assignment of error, appellant argues that the court erred in overruling his motion to suppress as the officers did not have probable cause to arrest. Probable cause means that the arresting officer has knowledge of facts and circumstances, grounded in reasonably trustworthy information, to warrant a belief by a prudent person that an offense has been committed by the person to be arrested. Beck v. Ohio
(1964), 379 U.S. 89, 91; State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of syllabus.
The fact that the results of the HGN test cannot be considered in determining whether probable cause to arrest exists does not preclude a finding of probable cause. The Supreme Court has held that
 "[w]hile field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where . . . the test results must be excluded for lack of strict compliance. Homan, at 427.
Therefore, we must consider whether, without the results of the HGN test, there was probable cause to arrest appellant. At the time of the first stop, appellant was found asleep at the wheel of his car with a half empty bottle of beer at his side, he would not wake up despite the officers yelling in an open window and shaking the car, when he finally did wake up, he smelled of alcohol, was uncharacteristically belligerent, staggered and had to lean against his car for support. Then a mere forty minutes later, he is again seen driving his car and moderately weaving for a period of two and a half blocks. Lastly, when the officers stop him, he again smelled of alcohol. We believe these facts and circumstances, even without the HGN test, support the trial court's determination that there was probable cause to arrest. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper,P.J., CONCUR.